PEOPLE'S MUTUAL FIRE INSURANCE COMPANY *vs.* JOSEPH N. CLARK.

A mutual fire insurance company, under a declaration alleging that the defendant, in consideration of having received a policy from them, agreed to pay his proportion of any losses and expenses, not exceeding a certain sum named, while the defendant was a member of the company, may recover any amount duly assessed within that sum; and the policy is admissible in evidence for the plaintiff.

Showing a bill to a debtor, asking him to pay it and his refusal to do so, are sufficient evidence of a demand of payment to be submitted to a jury.

ACTION OF CONTRACT, brought by a mutual fire insurance company to recover an assessment of $98.40. The declaration contained two counts : 1st. That the defendant, in consideration of having received a policy of insurance from the plaintiffs, agreed with them and by the statutes of the Commonwealth became liable to pay his proportion of any losses and expenses up to $150, incurred by them while he was a member of the company ; that his proportion of the losses and expenses so incurred was duly assessed to and demanded of him, and he neglected and refused to pay it, being the sum sued for ; 2d. On a premium note by which the defendant promised to pay the plaintiffs or their treasurer for the time being the sum of $60, in such times and proportions as the directors should, agreeably to their by-laws, require.

At the trial in the court of common pleas, before *Perkins*, J., the plaintiffs offered in evidence the policy upon which the assessment was claimed to have been made, which recited that the defendant, a member of the company, had, agreeably to the by-laws of said company, (which were printed on the policy,) paid sixty dollars and given a promissory note for a like sum

and also bound himself to pay all such sums as might be assessed by the president and directors pursuant to said by-laws, but not in any event to exceed the sum of $150; and which insured him " under the conditions and limitations expressed in said by-laws," one of which provided that " the president and directors may assess on each member, in case losses should require it, a sum in addition, not exceeding the amount by him paid as premium and deposit note, and collect the same without delay." The defendant objected to the admission of the policy, upon the ground that it had no tendency to prove the plaintiffs' claim. But the judge overruled the objection, and admitted it.

To prove a demand, the plaintiffs called John Vose, who testified that he made a demand on the defendant for the sum sought to be recovered ; that he had the note and bill with him; that he was directed by the plaintiffs' secretary and treasurer to make the demand, and so told the defendant; that he did not demand payment of the note otherwise than by telling the defendant that he had a bill against him and wished him to pay it, and the defendant took and looked at the bill and said he should not pay it. The judge, against the defendant's objection, ruled that this was sufficient evidence of a demand to be submitted to the jury.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*N. W. Harmon*, for the defendant.

*J. W. Perry*, for the plaintiffs.

By the Court. The first count was sufficient to entitle the plaintiffs to recover the whole amount of the assessment. The premium note and the stipulation in the policy are written memoranda to secure the same obligation. The policy was therefore rightly admitted in evidence.

The testimony of Vose was sufficient to warrant a jury in finding that a demand had been made of the amount sued for.

*Exceptions overruled.*